UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Jessica Leah Kampschroer and Corey Patrick Kampschroer,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Anoka County, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 13-cv-2512 SRN/TNL<br><br>**DEFENDANT ROCHESTER MOTORS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF IT'S MOTION TO DISMISS** |

## INTRODUCTION

Plaintiffs commenced this case "to redress the abuse of power by numerous law-enforcement personnel and public employees who impermissibly accessed the Minnesota Department of Public Safety's system for maintaining the personal, private information of Minnesota citizens".  (See Introduction Section of Plaintiffs' Complaint).  Plaintiffs allege Defendants accessed Jessica Kampschroer's DMV information nearly 1,400 times and Cory Kampschroer's DMV information over 90 times, allegedly in violation of the federal Drivers Privacy Protection Act ("DPPA") 18 U.S.C. § 2721, *et. seq*.  Plaintiffs commenced this action against 125 plus defendants, the vast majority of which are public entities and law enforcement officials.

With respect to Rochester Motors, LLC, however, the Complaint does not allege Rochester Motors ever accessed Jessica Kampschroer's DMV information.  The Complaint against Rochester Motors is limited to the allegation that it viewed Cory

Kampschroer's DMV information on a single, isolated occasion on April, 22 2004, during regular business hours.

Plaintiff's claims against Rochester Motors are based on single event more than 9 years before the Complaint was filed, are accordingly barred by the applicable statute of limitations. The Complaint should also be dismissed because it fails sufficient facts to meet Mr. Kampschroer's burden under Rule 12 that Rochester Motors lacked a permissible use for the information under the DPPA or violated Minnesota common law.

## LEGAL STANDARD

A civil complaint must be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A dismissal for failure to state a claim "serves to eliminate actions which are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001). Under Rule 12(b)(6), a motion to dismiss must be granted when it appears from the face of the complaint that the claim is barred by the applicable statute of limitations. *Varner v. Peterson Farms,* 371 F.3d 1011, 1016 (8th Cir. 2004).

Moreover, to state a cause of action that will survive a Rule 12(b)(6) motion, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendant under some established legal theory. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

A pleading that is "a formulaic recitation of the elements of the cause of action" or offers "labels and conclusions" will not survive a motion to dismiss. *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 555 (2007). Nor will complaints offering "naked assertion[s] 'devoid of' further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under *Twombly,* a plaintiff must plead facts sufficient to "raise a right to relief above the speculative level." 550 U.S. at 545. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint cannot simply "leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Id. at 562. Rather, plaintiffs must "nudge their claims across the line from conceivable to plausible." *Id*. at 570.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557. Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to satisfy the Rule 8 pleading requirement. *Iqbal*, 556 U.S. at 678.

**ARGUMENT**

**I.  MR. KAMPSCHROER'S CLAIMS AGAINST ROCHESTER MOTORS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

The Complaint alleges a single occurrence where someone allegedly associated with Rochester Motors accessed Mr. Kampschroer's driver's license information on April

22, 2004.  Under the applicable statute of limitations, Mr. Kampschroer's claims, first raised in 2013, nine years after the occurrence, are untimely and must be dismissed.

### A.  DPPA Claims Have 4-Year Statute of Limitations.

The DPPA does not contain its own limitations period and is, therefore, subject to the general four-year statute of limitations for federal claims set forth in 28 U.S.C. § 1658(a), which provides that civil actions arising under federal statutes "may not be commenced later than 4 years after the cause of action accrues."  The date of accrual in this case is determinative.  A DPPA claim accrues at the time the records were accessed.  See *Roberts v. The Source for Public Data*, 75 Fed.R.Serv. 3d 25 (W.D. Missouri 2009), limiting the size of a class action to individuals whose driver's license information was allegedly viewed in violation of the DPPA within four years of suit because 28 U.S.C. 1658(a) requires DPPA claims to be "brought within four years of the action giving rise to the suit".  See also *Hurst v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 39347 (D. DE. 2012) finding "The DPPA provides no statute of limitation for actions brought under its provisions; civil actions arising under federal law, however, must be brought within four years of the action giving rise to the suit".

While *Roberts* and *Hurst* are from different jurisdictions, they are on all fours with federal authority analyzing when the statute of limitations begins to run in non-DPPA cases.  A cause of action generally accrues at the time the plaintiff has a "complete and present cause of action;" that is, when the plaintiff can file suit and obtain relief.  *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferber Corp.,* 522 U.S. 192, 201 (1997) (quoting *Rawlings v. Ray,* 312 U.S. 96, 98 (1941).  The "standard rule," as the

United States Supreme Court calls it, is that the cause of action accrues at the time of the plaintiff's injury. *Id.*; *Wallace v. Kato,* 549 U.S. 384, 388 (2007). Here plaintiffs are seeking an award of statutory damages, which could have been recovered, if plaintiffs met their standard of proof, on the day the information was accessed in 2004. Accordingly, the statute started to run in 2004, and the claim was barred in 2008, five years before the Complaint was filed.

### B. The Discovery Rule Does Not Apply to the DPPA.

Admittedly, an exception to the standard rule has been carved out in certain specific and narrow cases, such as medical malpractice where the injury and cause are not immediately known. *Osborne v. U.S.,* 918 F.2d 724, 731 (8th Cir. 1990). In such cases, the "discovery rule" applies and the cause of action does not accrue until the plaintiff discovers or should have discovered the injury. *Id.* However, this is the exception and the party who is "claiming the benefit of the discovery rule bears the burden of showing that he is entitled to it." *Id.* (quoting *Wollman v. Gross,* 637 F.2d 544, 547 (8th Cir. 1980)).

The analysis of Supreme Court holdings in other civil actions involving federal statutes indicates that courts should be reluctant to expand the discovery rule of accrual to the DPPA.

For example, in *TRW, Inc. v. Andrews,* the Supreme Court held that the discovery exception did not apply to the Fair Credit Reporting Act (FCRA) except in instances where the FCRA provided the explicit exception for cases of willful misrepresentation of information that is disclosed to the plaintiff. 534 U.S. 19, 23 (2001). In *TRW*, plaintiff

5

claimed that TRW improperly released data to an identity thief.  Although Andrews brought suit more than two years after the disclosure, and therefore after the FDCPA two year statute of limitations, she argued that she didn't know of the disclosure until well later, and that she should be given the benefit of the discovery rule.  The Supreme Court disagreed, and determined the injury related to the disclosure of sensitive personal financial information was not the type of matter that cried out for application of the discovery rule.  The Supreme Court indicated that lower courts were too broadly applying the discovery rule for accrual and noted that outside of fraud cases the only two types of cases that applied the discovery rule were in the contexts of latent disease and medical malpractice.  *Id*. at 27.

   Similarly in cases interpreting the statute of limitation set forth in 28 U.S.C. § 1658 have not routinely applied the discovery rule.  A thorough analysis of the application of 28 U.S.C. § 1658 is provided in *Gross v. Max,* 906 F. Supp. 2d 802 (N.D. Ind. 2012).  In *Gross*, the court considered whether the general four-year limitations period as set forth in 28 U.S.C. § 1658(a) applied to the Residential Lead-Based Paint Hazard Act (RLPHA).  The court in *Gross* ultimately concluded the discovery rule did not apply to 28 U.S.C. § 1658(a).  The court reasoned that the general rule of accrual applies unless:  1) the provisions of the applicable statute indicate otherwise; or 2) the injury is one that "cries out" for the application of the discovery rule.  *Gross v. Max,* 906 F. Supp. 2d 802, 810.  *Gross* relies on the language of *TRW v. Andrews* to delineate cases where the discovery rule applies – fraud, concealment, latent disease, and medical malpractice.  *Id*. (*citing TRW v. Andrews,* 534 U.S. 19, 28).  The discovery rule should

6

apply only in the rare case where the injury is not just difficult to ascertain, but is inherently unknowable and could not have been discovered on the date the injury occurred. *Id*. at 811.

As the court points out in *Gross*, another compelling argument for applying standard rule of accrual to the four-year statute of limitations annunciated in § 1658(a) is the 2002 amendment to the statute which added subsection (b). *See id.* at 812-813. In 2002 Congress added subsection (b) to § 1658 which incorporates a discovery rule to the statute of limitations for instances involving fraud, deceit, and manipulation. Congress left subsection (a) of §1658 unchanged, indicating that subsection (a) excludes the discovery rule of accrual.

In *Merck & Co. v. Reynolds,* the U.S. Supreme Court considered the same statute of limitations that applies to the DPPA – 28 U.S.C. § 1658. 130 S. Ct. 1784 (2010). The issue in *Merck & Co.* was different than the instant case, but the Court noted that where legislators intend to codify the discovery rule of accrual to apply, they write the word "discovery" directly into the statute. *Id*. at 1793. In *Gabelli v. S.E.C,* the United States Supreme Court did not extend the discovery rule of accrual in a case where the Securities and Exchange Commission sought civil penalties under the Investment Advisors Act. 133 S. Ct. 1216 (2013). In the opinion, the Court noted that situations where "a statute of limitations may be suspended by causes not mentioned in the statute itself. . . are very limited in character, and are to be admitted with great caution." *Id*., at 1224 (*quoting Amy v. Watertown (no. 2),* 130 U.S. 320, 324 (1889).

The alleged injury Mr. Kampschroer complains of in this action has not been hidden. Mr. Kampschroer has not been deceived or defrauded. Contrary to cases that "cry out" for a discovery rule, the alleged injury here was not "unknowable". Mr. Kampschroer could have discovered at any time that someone associated with Rochester Motors accessed the data base in April 2004.

These cases indicate that in the absence of statutory text to indicate otherwise, the presumption in this case should be that the action accrues at the time one's driver's license information is accessed.

Finally, Mr. Kampschroer's anticipated position, that the discovery rule should apply to DPPA cases, would place unfair burdens on defendants, particularly busy car dealerships. Such a ruling would open the courthouse doors to even more lawsuits with even greater time periods between the alleged violation and suit. Nothing would prevent a plaintiff from commencing an action twenty-five, thirty or more years after a busy car dealership allegedly performed a single lookup.

## II.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

Mr. Kampschroer alleges one transaction, nearly 9 ½ years ago, in April 2004 violated the DPPA. However, Mr. Kampschroer makes no effort to explain or allege how the Rochester Motors' lookup was impermissible. The DPPA identifies multiple "permissible uses" in which an individual's personal information can be accessed by a car dealership.

### A. Driver's Privacy Protection Act (Count I)

The DPPA makes it "unlawful for any person knowingly to obtain or disclose personal information from a motor vehicle record for any use not permitted under section 2721(b) of this title." 18 U.S.C. 2722, subd. (a). The Act creates a civil cause of action against a "person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted" under 2721(b). 18 U.S.C. 2722, subd. (a). Plaintiffs must prove three elements to establish liability under the DPPA: (1) the defendants knowingly obtained, disclosed, or used personal information; (2) from a motor vehicle record; and (3) for an impermissible purpose. *Taylor v. Acxion Corp.* 612 F.3d 325, 335 (5th Cir. 2010). *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, P.A.*, 525 F.3d 1107, 1111 (11th Cir. 2008). As set forth below, Plaintiffs did not plead sufficient facts to properly address two of the three requirements.

In analyzing whether this complaint sufficiently states a claim, a two-step analysis must be performed. First, those allegations in the complaint that are not entitled to the assumption of truth must be identified. In order to survive a Rule 12(b)(6) motion, the plaintiff must support the legal conclusions recited in the complaint by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. at 679. Legal conclusions unsupported by factual allegations are not entitled to the assumption of truth. *Id.* The complaint alleges that the solitary lookup by the Rochester Motors was done without a proper purposed and was illegal, but because these allegations are conclusory and unsupported legal conclusions, they are not entitled to the assumption of truth.

For the second step in the analysis, the factual allegations in the complaint – which must be assumed as true – are analyzed to determine if they plausibly suggest an entitlement to relief.  Here, no one associated with Rochester Motors can be held liable unless the transaction was done for an improper purpose.  The Plaintiffs have the burden of proving an impermissible use.  *See, Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King & Steven, P.A.*, 525 F.3d 1107, 1110-1114 (11th Cir. 2011).

Mr. Kampschroer failed to demonstrate that anyone associated with Rochester Motors intentionally accessed Mr. Kampschroer's DMV information.  (See *Kliminski v. Hunt et al.* (D. Minn. Sept. 20, 2013) at page 10 holding "Under the plain language of the statute, the person who obtains, discloses, or uses the information must do so <u>for</u> an impermissible purpose").  The "hit" could have been the result of a "typo" or simply clicking on the wrong name.  This inference is underscored by the fact Mr. Kampschroer claims Rochester Motors accessed the information a single time.

Mr. Kampschroer also failed to plead sufficient facts with respect to the third element of a DPPA claim, that Rochester Motors "obtained, disclosed, or used" his personal information for an improper purpose.  The DPPA provides personal information can be accessed for matters relating to motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alternations, recalls, or advisories, among other reasons.  All of these uses relate to customary services performed by a dealership's service garage.  Accessing the DMV data can also assist the sales department in preventing theft by ensuring the dealership does not acquire a stolen vehicle on a trade-in.

There are no facts alleged in the complaint that raise a plausible inference of an impermissible use. According to the complaint, Rochester Motors accessed Mr. Kampshroer's DMV information once during normal business hours on April 22, 2004. The reason for the lookup is presently unknown. While it is theoretically possible that the lookup was run for an improper purpose, that is not enough. The facts alleged do not allow a court to reasonably infer the lookup was improper under the DPPA.

Alleging a single transaction approximately 9.5 years ago was for an improper purpose does not nudge Mr. Kampschroer's claim of an impermissible use across the plausibility line as required by *Twombly* and *Iqbal*. Regardless of the potential permissible reasons for the alleged lookup, it is not the burden of the defendants to supply a reason for the access, but the burden of Mr. Kampschroer to demonstrate the lookup was impermissible. As to Rochester Motors, he has not done so.

### B.   Common Law Invasion of Privacy Claim (Count V)

Mr. Kampschroer's common law invasion of privacy claim must also be dismissed. First, because all the federal counts must be dismissed, the court is left without pendant jurisdiction. 28 U.S.C. 1367(c); *Gibson v. Weber,* 433 F.3d 642, 647 (8th Cir. 2006).

Second, the state claim is time-barred because it was brought outside of the two-year statute of limitations for intentional torts. Minn. Stat. § 541.07(1); (Intrusion upon seclusion is an intentional tort. *Hough v. Shakopee Pub. Schs.,* 608 F. Supp. 2d 1087, 1117-18 (D. Minn. 2009)).

Third, even if the court retains jurisdiction and does not dismiss the claim as untimely, the state tort claim fails.  Mr. Kampschroer alleges the Defendants intruded upon the solitude or seclusion of his private affairs and that the intrusion would be highly offensive to a reasonable person.  *Complaint* ¶ ¶ 596-574.  Under Minnesota law, there can be no liability for interference with seclusion unless the interference is substantial and would be highly offensive to a reasonable person.  *Lake v. Wal-Mart Stores, Inc.,* 582 N.W.2d 231, 233 (Minn. 1998), *Swarthout v. Mut. Serv. Life Ins. Co.,* 632 N.W.2d 741, 745 (Minn. Ct. App. 2001).  Again, Mr. Kampschroer's Complaint presents conclusions, but no facts, to support that the single Rochester Motors incident was improper or that, even if improper, the lookups would case a reasonable person to be highly offended.  Driver's license information is often disseminated during routine transactions.  The information is not of the same nature as the nude photographs at issue in *Lake v. Wal-Mart*.

## CONCLUSION

The Complaint fails to state a cause of action against Rochester Motors, LLC upon which relief can be granted.  The claim is time barred and Mr. Kampschroer failed to meet his burden of pleading sufficient facts to support their causes of action.

                                Respectfully submitted,

                                DRAWE & MALAND

Dated:  November 12, 2013        s/Todd L. Nissen
                                Todd L. Nissen, Atty. ID 25017X
                                7701 France Avenue, Suite 240
                                Edina, MN  55435
                                Phone:  952-841-2130

and

Charles Maier
Gray Plant Mooty
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-3796
Phone: 612-632-3242

ATTORNEYS FOR DEFENDANT
ROCHESTER MOTORS, LLC